UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN A. KIRK,<br><br>Plaintiff,<br><br>vs.<br>SELECT PORTFOLIO SERVICING, INC; AO CPO TRUST SERIES 2019-1 AND TEJAS CORPORATE SERVICES, LLC<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 1:25–CV–2064–RP |

ORDER GRANTING PLAINTIFF'S EMERGENCY VERIFIED APPLICATION FOR TEMPORARY RESTRAINING ORDER; HOLDING IN ABEYANCE REQUEST FOR PRELIMINARY INJUNCTION

Before the Court is Plaintiff John A. Kirk's Emergency Application for a Temporary Restraining Order ("TRO") and Preliminary Injunction (Dkt. # 22), filed on August 28, 2026.[1] Plaintiff requests that the Court issue injunctive relief preventing real property from being sold at a foreclosure sale scheduled for 10:00 AM Central Daylight Time on September 1, 2026, in order to preserve the status quo. (Id.) After careful consideration, the Court, for the reasons that follow, **GRANTS** Plaintiff's application for a TRO.

[1] Upon consent of United States District Judge Robert Pitman, United States Senior District Judge David A. Ezra is issuing this opinion, but the case otherwise remains with Judge Pitman.

## BACKGROUND

Plaintiff's state court petition alleges that he resides and owns a home located at 2601 Edenwood Drive, Austin, Texas, 78745 ("the Property"). (Dkt. # 22 at 1.) According to Plaintiff, he borrowed under a promissory note dated September 17, 2018, in the amount of $286,200, secured by a Deed of Trust encumbering the Property. (Id. at 2) He alleges the unpaid principal balance is approximately $269,000. (Id.)

On December 1, 2025, the 201st Judicial District Court of Travis County issued a TRO staying a substitute trustee's sale of the Property scheduled for December 2, 2025. (Id. at 3.) The foreclosure sale was cancelled. (See id.) Defendant removed to this Court on December 17, 2025. (See Dkt. # 1.) This Court then denied Plaintiff's Motion to Remand (Dkt. # 6) on February 18, 2026. (Dkt. # 9.) Defendant Tejas filed a Motion to Dismiss (Dkt. # 15) on May 12, 2026, which Plaintiff responded to on August 28, 2026. (Dkt. # 20.) Plaintiff alleges that he did not receive service of the filing because he maintains two PACER accounts—one for his licensed practice of law in Pennsylvania and the other, a personal account, for pro se matters such as this one. (See id. at 2.)

## LEGAL STANDARD

In order to obtain injunctive relief, including a temporary restraining order, a plaintiff must establish that (1) there is a substantial likelihood that the

plaintiff will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury to the plaintiff outweighs whatever damage the proposed injunctive relief would cause the defendant; and (4) the granting of the injunction is not adverse to the public interest. Anderson v. Jackson, 556 F.3d 351, 360 (5th Cir. 2009) (quoting Canal Auth. v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974)); Fed. R. Civ. P. 65.

## DISCUSSION

Plaintiff seeks a temporary restraining order immediately in order to preserve the status quo and prevent a sale of the Property scheduled for tomorrow, September 1, 2026. (Dkt. # 22.) In support of a TRO, Plaintiff contends that there is a substantial likelihood of success on his claims for (1) declaratory judgment concerning which party has the ability to foreclose on the Property, (2) breach of contract alleging that "a party to a contract cannot defeat the other party's performance by withholding the information performance requires" and that "Plaintiff has demanded the figure in writing, has funds available, [but he] has received nothing [from any Defendant],"[2] and (3) RESPA and Regulation X (see

[2] More specifically, Plaintiff alleges that he "has been prevented from curing" because, inter alia, Defendants have not provided him with the information needed to cure. (Dkt. # 22 at 5–6). However, he contends that he "is ready, willing, and able to tender" and, as such, "cannot be said to have failed to cure when the party demanding payment will not state what is owed." (Id. at 6.)

12 C.F.R. § 1024.41(g)) prohibit the foreclosure sale and the denial notice is not compliant with § 1024.41(d) to circumvent that prohibition. (Id. at 7–8.)

Plaintiff further contends that his threatened harm outweighs any harm the TRO may cause to Defendants. (Id. at 8–9.) He notes that the harm to the defendants is "delay." Whereas "Plaintiff loses his homestead, his children lose their home and this Court loses the ability to decide the question before it," Defendants "continue[] to accrue [interest]" and their "lien is unimpaired." (Id. at 9.) Plaintiff states that he "has funds available to exercise that right. Family members have committed the necessary funds and stand ready to wire them directly to the noteholder or its counsel." (Id. at 5.)

Given the preliminary nature of the proceedings, the Court finds that Plaintiff, at this point, has demonstrated that (1) he is likely to succeed on the merits;[3] (2) he is likely to suffer irreparable harm in the absence of temporary relief; (3) that the balance of equities tips in Plaintiff's favor; and (4) that a TRO is in the public interest. See Anderson, 556 F.3d at 360. The Court will not require a bond. See Petro Franchise Sys., LLC v. All Am. Props., Inc., 607 F. Supp. 2d 781, 801 (W.D. Tex. 2009); see also Stockslager v. Carroll Elec. Co-op. Corp., 528 F.2d

[3] The Court notes that its finding that Plaintiff has established a likelihood that it will prevail is based solely on its own averments and may be rebutted by Defendants in future filings or settings, and once the Court has an opportunity to fully evaluate the merits of this dispute.

949, 951 (8th Cir. 1976) ("The amount of the bond rests within the sound discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of that discretion.").

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Emergency Application for TRO, but will **HOLD IN ABEYANCE** Plaintiff's request for a preliminary injunction. (Dkt. # 6.) The Court **ORDERS** that:

> Defendant Tejas Corporate Services, LLC, and its officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with it who receive actual notice of the order, from conducting, continuing, or completing the foreclosure sale of 2601 Edenwood Drive, Austin, Texas 78745 scheduled for September 1, 2026, or any rescheduled sale, pending disposition of Plaintiff's application for preliminary injunction.

**This Temporary Restraining Order is immediately effective but will expire of its own force fourteen days from the date of this Order at 5pm CDT.**

**DEFENDANTS** are **ORDERED** to submit any briefing in opposition to Plaintiff's request for a preliminary injunction **by September 7, 2026**. Should **PLAINTIFF** then wish to reply, he shall have **until September 11, 2026** to do so.

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, August 31, 2026.

________________________________________
David Alan Ezra
Senior United States District Judge